3. Do you have any cash, checking or savings accounts? ☐ Yes ☐ No

If "Yes" state the total amount.    $ _____

4. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or **any other assets?** ☐ Yes ☐ No

If "Yes," briefly describe, in the space provided below, the property and state its value (attach additional sheets as necessary):

5. In the space provided below, list the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

**I declare under penalty of perjury that the above information is true and correct.**

_____
DATE

_____
SIGNATURE OF APPLICANT

Janet SACKMAN, et al., Plaintiffs,

v.

THE LIGGETT GROUP,
INC., Defendants.

No. CV 93–4166 ADS.

United States District Court,
E.D. New York.

May 21, 1999.

### ORDER

BOYLE, United States Magistrate Judge.

The issue in this now-discontinued action is whether the Intervenors—the major tobacco manufacturers in the United States, Philip Morris Incorporated, Brown & Williamson Tobacco Corporation, R.J. Reynolds Tobacco Company, and Lorillard Tobacco Company (collectively the "Intervenors") other than defendant, The Liggett Group ("Liggett")—are entitled to the equitable remedy of vacatur of adverse orders, dated June 27, 1997, August 29, 1997 and October 1, 1997, relating to the compelled production of "Special Projects" documents, claimed by the Intervenors to be protected by attorney-client and the attorney work product privilege. The Intervenors base their request on the settlement of this action by the original parties while the orders noted above were under appeal at the sole request of the Intervenors to the district judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure. Since the original parties settled this action while the orders in question were under appeal, the documents in the possession of the defendant Liggett were never produced. In light of the intervening settlement there is no current production obligation.

The Supreme Court most recently addressed this issue in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 19, 115 S.Ct. 386 (1994), in which the parties sought to vacate a Court of Appeals judgment where the case was settled after certiorari was granted by the Supreme Court. It is the burden of the party seeking such relief to show "equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp*, 513 U.S. at 27, 115 S.Ct. at 392. The Court in *U.S. Bancorp* held that the petitioner's settlement of the action, which had the effect of a "voluntary forfeiture of review," did not warrant the equitable remedy of vacatur. *Id.*

The Court in *U.S. Bancorp* distinguished, however, cases mooted "through happenstance" from mootness by "reason of settlement," *id.* at 25 n. 3, 115 S.Ct. at 386, and reaffirmed the principle stated in *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), that "a party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp*, 513 U.S. at 25, 115 S.Ct. at 391.

No intervenor has contributed money or anything else of value to the settlement of this action between the plaintiffs, the Sackmans, and the defendant, Liggett. *Correspondence, dated November 2, 1998, from Plaintiffs' Counsel, Gregory Leyh. See also correspondence, dated November 3, 1998, from Intervenor's Counsel, Marc D. Ashley* ("None of the intervenors made any contribution (monetary or otherwise), to, or had any participation in, the settlement. . . ."). Thus, the rationale against vacatur—that where "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur" *id.* at 25, 115 S.Ct. at 392—has no application to the Intervenors on the facts presented here.

The Intervenors have been denied appellate review of these determinations, even though they have taken all reasonable steps to pursue their appellate remedies. Moreover, the Intervenors have not benefitted from the settlement and have not caused the mootness here. The Intervenors find them-

**60**

selves denied the right of appellate scrutiny of these adverse rulings solely by virtue of the "vagaries of circumstance." *U.S. Bancorp,* 513 U.S. at 25, 115 S.Ct. at 391 ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.").

The Intervenors' request for relief is granted in part. The orders of June 27, 1997, August 29, 1997 and October 1, 1997 are vacated insofar as they determine the rights and interests of the Intervenors. The original parties—the Sackmans and the Liggett Group—did not appeal these orders nor have they sought the equitable relief of vacatur requested by the Intervenors. Nor would they be entitled to any such relief under *U.S. Bancorp* if it were requested.

■ Such equitable relief should not be granted where it does not serve the public interest. *U.S. Bancorp,* 513 U.S. at 25–29, 115 S.Ct. at 392–93. There is a public interest in the finality of an order affecting discovery of documents that will continue to be litigated in future tobacco product liability litigation. The adverse determinations here were the product of intense litigation among the parties which, due to the timing of intervention, were then reconsidered upon the Intervenors' entry into the case. The determinations reached herein are a part of the developing decisional law in this area and involved substantial expenditure of judicial resources. The court notes that: "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,* 510 U.S. 27, 40, 114 S.Ct. 425, 428, 126 L.Ed.2d 396 (1993) (Stevens, J., dissenting).

Therefore, insofar as these orders determine the rights and responsibilities of the original parties to the litigation, the request for vacatur is denied.

SO ORDERED.